Barry S. Pollack (BP 4039)
Mary Cecilia Sweeney (MS 6047)
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 660-3000

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL D. LOCKWOOD and<br><br>ALGONQUIN CAPITAL MANAGEMENT,<br>LLC, a Connecticut Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSEPH MACEDA,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT** |



07 CV 7524

JUDGE BAER

AUG 24 2007
U.S.D.C. S.D.N.Y.
CASHIERS

### COMPLAINT AND JURY DEMAND

As and for their Complaint and Jury Demand against Joseph Maceda (the "Defendant"), the plaintiffs Michael D. Lockwood ("Lockwood") and Algonquin Capital Management, LLC hereby allege and claim as follows:

### I.

### PRELIMINARY STATEMENT

1.  This is an action on an unconditional personal guaranty. Plaintiffs were induced by the Defendant to loan over $3,000,000 dollars to the Defendant's company, the Ocean Power Corporation ("Ocean Power"), $2,500,000 of which was personally guaranteed by the Defendant. The deadlines for repayment of the loans were repeatedly extended at the request of the Defendant and his company, but repayment never occurred. Ocean Power eventually filed for

bankruptcy. Only a partial repayment of the $3,000,000 loan has been or will be achieved by the distribution of the bankruptcy estate proceeds. Defendant remains liable to the Plaintiffs for all outstanding guaranteed debt, which he guaranteed in his individual capacity.

## II.

## PARTIES

2. Algonquin Capital Management, LLC ("Algonquin") is a Connecticut limited liability company with its primary place of business at 440 Main Street, Ridgefield, CT 06877. Algonquin is the assignee of and current holder of guarantees and notes payable by Maceda to the Plaintiffs.

3. Michael D. Lockwood ("Lockwood") is an individual residing in Connecticut and is the managing member of Algonquin.

4. Defendant Joseph Maceda is an individual residing at 939 Union St., Apt. 1A, Brooklyn, New York 11215-1687.

## III.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is diversity of citizenship among the parties.

6. This Court has personal jurisdiction over Defendant under the terms of the Note and Guaranty at issue in this case, pursuant to which Defendant consented to submit to the jurisdiction of any federal court sitting in Manhattan in the State of New York.

{B0674269; 3}

7. Venue is proper pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and pursuant to 28 U.S.C. §1391(a)(3) because Defendant consented by contract to the jurisdiction and venue of this Court.

## IV.

## BACKGROUND FACTS

### The Guaranteed Note

8. In 2001, Lockwood loaned three million dollars to Ocean Power. Defendant was President of Ocean Power and a member of Ocean Power's Board of Directors at that time.

9. The three million dollar loan was consideration for and pursuant to a $500,000 dollar Promissory Note ("Lockwood's 500k Note") and a $2,500,000 Promissory Note and Guaranty (the "2.5M Note & Guaranty"), both of which were dated March 5, 2001. The 2.5M Note & Guaranty provides for a standard interest rate of 10.5% and a default rate of 13.5%.

10. Pursuant to the 2.5M Note & Guaranty, Defendant, in his personal capacity, unconditionally guaranteed all obligations under the 2.5M Note. By the express terms of the 2.5M Note & Guaranty, Defendant is unconditionally liable to all assigns and subsequent holders of the Note.

### Events of Default

11. As of September 25, 2002, despite repeated extensions of the original payment deadlines, Ocean Power had not made a single payment of outstanding principal or accrued interest under the 2.5M Note & Guaranty. Moreover, Ocean Power had indicated that no payment would be forthcoming.

12. Accordingly, on or about September 25, 2002, Ocean Power was served with a notice of its default, which among other things, placed the Defendant, who was the President of Ocean Power, on notice of the Plaintiffs' intent to exercise their remedies under the 2.5M Note & Guaranty.

### Ocean Power's Bankruptcy

13. In November of 2002, in consideration of other and further assurances and promises by Ocean Power, Plaintiffs advanced additional financing (hereinafter "Additional Loans") to Ocean Power. However, on or about December 1, 2002, Ocean Power filed for bankruptcy. As of that date, Ocean Power's collective debt to the Plaintiffs was in the principal amount of $3,060,000.00, two and half million dollars of which was guaranteed by the Defendant.

14. Pursuant to assignments among the Plaintiffs, as the 2.5M Note & Guaranty was freely assignable by its express terms, Defendant's debt became payable to Algonquin.

15. On or about December 2, 2002, in the course of the bankruptcy, Ocean Power filed a motion to sell its assets free and clear of liens. Under the Sale Agreement, Algonquin was a co-purchaser of substantially all of Ocean Power's assets for $2 million dollars. The $2 million dollars was paid in the form of a waiver and/or assignment of the Purchasers' right, title, interest and/or claims in, to and under a portion of certain notes. In other words, the $2 million was paid to Ocean Power, not as cash, but as a credit towards repayments of outstanding loans owed to the Purchasers, both of whom were creditors of Ocean Power. The $2 million applied to the debt is hereinafter referred to as the "2M Credit".

{B0674269; 3}

16.     Pursuant to Section 2.2. of the Sale Agreement and by Order of the U.S. Bankruptcy Court dated August 6, 2007 (the "Order"), the application of the 2M Credit was to be applied to outstanding promissory notes issued by Ocean Power "[a]t the option of the Purchaser".

17.     Consistent with the Order, the 2M Credit was applied as follows: all principal and interest due and owing under the Additional Loans and Lockwood's 500k Note; with the remainder to be allocated to interest payments due and owing under (and, if and to the extent applicable, the principal balance of) the 2.5M Note & Guaranty.

18.     After subtracting repayment of the Additional Loans, Lockwood's 500k Note, and interest on the $2.5 million principal amount from the 2M Credit, and crediting the remainder to the 2.5M Note & Guaranty, at least $1,658,822.55 remains due and owing.

19.     Defendant, in his individual capacity, personally guaranteed the 2.5M Note to the full extent of Ocean Power's obligations thereunder.

20.     Pursuant to the terms of the 2.5M Note & Guaranty, Defendant is liable for continued interest accrual on these principal amounts and the collection costs of these amounts, including attorneys' fees and costs of court.

V.

**COUNT ONE- BREACH OF CONTRACT**

21.     Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 20 as though fully set forth herein.

22.     Defendant signed and executed binding written contracts with the Plaintiffs to personally guarantee loans made to his company, Ocean Power, in a principal amount of $2,500,000, to the full extent of Ocean Power's obligations thereunder, including interest, attorneys' fees and costs of collection.

23.     Plaintiffs have performed all of their obligations under the 2.5M Note & Guaranty.

24.     Ocean Power has defaulted on the 2.5M Note, and Defendant's subsequent failure to repay the $2,500,000 constitutes a breach of contract.

25.     As a result of said breach, Plaintiffs have suffered damages in an amount to be determined at trial, for which the Defendant is liable.

**COUNT TWO- BREACH OF GUARANTY**

26.     Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 25 as though fully set forth herein.

27.     Defendant signed and executed personal guaranties for loans made to his company, Ocean Power, in an aggregate principal amount of $2,500,000, and is liable for the full extent of Ocean Power's obligations thereunder, including interest, attorneys' fees and costs of collection.

28. Plaintiffs have performed all of their obligations under the 2.5M Note & Guaranty.

29. Ocean Power has defaulted on the 2.5M Note, and Defendant's subsequent failure to repay the $2,500,000 constitutes a breach of guaranty.

30. As a result of said breach, Plaintiffs have suffered damages in an amount to be determined at trial, for which the Defendant is liable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray that this Court grant their request for a jury trial and enter judgment in their favor and against Defendant as follows:

1. Award damages in an amount to be determined at trial;

2. Award all outstanding principal, accrued interest, costs of collection, attorneys' fees, court costs, and other costs as provided for under the 2.5M Note & Guaranty; and

3. Award such further and additional relief as the Court deems just and proper.

New York, New York
Dated:  August 24, 2007

Respectfully submitted,

SULLIVAN & WORCESTER, LLP

By: _____
Barry S. Pollack (BP 4039)
Mary Cecilia Sweeney (MS 6047)
1290 Avenue of the Americas
New York, New York 10104
(212) 660-3000

Attorneys for Plaintiffs

{B0674269; 3}