UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X     Civil Action Number: 07-cv-7524
MICHAEL D. LOCKWOOD and
ALGONQUIN CAPITAL MANAGEMENT, LLC,     Judge Baer
A Connecticut Limited Liability Company,

                   Plaintiff,

                           **NOTICE OF MOTION**

    - against –

JOSEPH MACEDA,

                 Defendant.
-----------------------------------------------------------------X

     **PLEASE TAKE NOTICE**, that on the annexed Affirmation of Michael L. Cirrito, Esq., affirmed on the 16th day of November, 2007, and all the pleadings and proceedings heretofore had herein, the undersigned will move this Court on the 3rd day of December, 2007, or as soon thereafter as counsel may be heard, for an Order permitting the Defendant, JOSEPH MACEDA, leave of the Court to amend its Answer, pursuant to Rule 15(a) FRCP, and for such other and further relief as to this Court may deem just and proper.

Dated: Hempstead, NY
       November 16, 2007

                                             Yours, etc.,

                                             WHITE, CIRRITO & NALLY, LLP

                     By:   _____
                                      MICHAEL L. CIRRITO, ESQ. (9053)
                                      Attorneys for Defendant
                                      58 Hilton Avenue
                                      Hempstead, NY 11550
                                      (516) 292-1818

TO:   SULLIVAN & WORCHESTER
       Attorneys for Plaintiff
       1290 Avenue of the Americas
       New York, NY 10104
       (212) 660-3000

```
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Civil Action Number: 07-cv-7524
MICHAEL D. LOCKWOOD and
ALGONQUIN CAPITAL MANAGEMENT, LLC,              Judge Baer
A Connecticut Limited Liability Company,

                            Plaintiff,
                                                           AFFIRMATION
        - against –

JOSEPH MACEDA,

                            Defendant.
------------------------------------------------------------X
```

MICHAEL L. CIRRITO, an attorney duly admitted to practice law in the Courts of the State of New York, duly affirms the following under penalty of perjury:

1. I am a member of the firm of WHITE, CIRRITO & NALLY, LLP., attorneys for the Defendant JOSEPH MACEDA in the above-captioned action, and I make this Affirmation in support the Defendant's Motion, pursuant to Rule 15(a) FRCP, to permit the amendment of the Defendant's Answer to include a Seventh Affirmative Defense setting forth as follows:

## "AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTY-FIRST: The Complaint should be dismissed in that the alleged guaranty of payment by the Defendant to the Plaintiff is barred by the Statute of Frauds under General Obligations Law Section 5-701(2) and (5)."

2. The Plaintiffs in this action have sued the Defendant alleging that JOSEPH MACEDA executed a purported Guaranty of a Promissory Note originally given by OCEAN POWER CORPORATION to the Plaintiff, or its assigns, dated March 5, 2001. A copy of said Note is annexed hereto and made a part hereof as Exhibit "A".

3. The Guaranty upon which the Plaintiffs base their law suit is annexed hereto and made a part hereof as Exhibit "B". That Guaranty states: "In consideration of the loan made upon the Note, the undersigned hereby unconditionally guarantees to the Ocean Power Corporation, its successors and assigns. . .." The Court will note this Guaranty

does not inure on its face to the benefit of the Plaintiffs or to any of the Plaintiffs' predecessors.

4. It is Plaintiffs' claim in this case that they will attempt to establish that the Plaintiff is the beneficiary of this Guaranty by parole evidence and/or other means.

5. At the time that the Answer was prepared, September 17, 2007, neither your Affiant nor the Defendant had any of the documents relied upon by the Plaintiffs in their possession. It was only on October 29, 2007, when your Affiant received a facsimile transmission from Plaintiffs' attorneys with copies of the documents included, that your Affiant became aware of this deficiency in Plaintiffs' proof.

6. Pursuant to the General Obligations Law Sections 5-701(2) and (5), guarantees, as a promise to answer for the debt of another, must be in writing. It is Plaintiffs' contention that this purported Guaranty with respect to Plaintiffs' claims is fatally defective and cannot be varied by use of parole evidence by virtue of the Statute of Frauds.

7. Since the Statute of Frauds is an affirmative defense, pursuant to the Federal Rules of Civil Procedure Rule 8(c), it is your Affiant's request that the Answer be amended to reflect this defense. The proposed "Amended Answer" is annexed hereto as Exhibit "C". This new defense was interposed without delay and is not unduly prejudicial to the Plaintiffs in this matter.

**WHEREFORE**, it is respectfully requested that Defendant's Answer be permitted to be amended by alleging the Seventh Affirmative Defense as set forth herein, and for such other and further relief as to this Court may be just and proper.

                                                MICHAEL L. CIRRITO, ESQ. (9053)

Duly Affirmed this 16th
Day of November, 2007.

# EXHIBIT A

# PROMISSORY NOTE AND GUARANTY

Exhibit 1

Date: 5 March, 2001

$2,500,000.00

FOR VALUE RECEIVED, The undersigned, Ocean Power Corporation, a Delaware Corporation ("Obligor"), promises to pay to the order of Michael D. Lockwood and his successor or assigns (each an "Obligee") at 5000 Robert J. Mathews Parkway, El Dorado Hills, California 95762, the sum of Two Million Five Hundred Thousand Dollars ($2,500,000) with interest thereon from the date hereof until paid, at the rate of ten and one half percent (10.5%) per annum, in accordance with the following schedule:

| PAYMENT DATE | AMOUNT |
|---|---|
| September 5, 2001 | All Accrued but unpaid interest |
| December 5, 2001 | All accrued but unpaid interest |
| March 5, 2002 | All unpaid principal and accrued but unpaid interest |

Should interest or principal not be paid when due, all interest and principal shall thereafter bear interest at a rate of 13.5%. Principal and interest are payable in lawful money of the United States.

Ocean Power Corporation may make payments on the principal of this Note at any time without penalty, provided any such payments shall first be credited to costs, expenses, fees or penalties due, then to interest due, then to principal.

Obligor hereby covenants and agrees that until this Note is paid in full, it shall (i) incur no indebtedness that is not expressly subordinated to the prior payment in full of all payments due under this Note or (ii) grant, or suffer to exist any lien, pledge or other security interest on all or any portion of its assets.

In the event that (i) Obligor shall commence a voluntary case or proceeding for relief, or an involuntary case or proceeding shall be commenced against Obligor seeking relief with respect to Obligor's debts, under bankruptcy, insolvency or other similar law now or hereafter in effect (ii) Obligor seeks, or if any third party seeks in an involuntary proceeding, the appointment of a trustee, liquidator, receiver, custodian or other similar official for all or a substantial portion of Obligor's assets, (iii) Obligor shall consent to such relief or to the appointment of, or taking possession by, any such official in an involuntary case or other proceeding commenced against him or (iv) Obligor shall make a general assignment for the benefit of creditors, or shall fail generally to pay debts when due, then, without any action by Obligee, in each case the entire amount payable under this Note shall become immediately due and payable.

Obligor and all others who may become liable for the payment of all or any part of this obligation do hereby severally waive presentation for payment, protest and demand, notice of protest, demand and dishonor, or nonpayment of this Note, and agree that the duties and obligations of Obligors, or anyone else who may become liable hereunder, may be extended from time to time without affecting the liability of each. An Obligee may consent to any extension of time regarding the payment hereof, or the release of any party liable for this

wip/taddocs/lockwood/promnote/ockwd

May-29-02  04:20  From-ETG RIDGEFIELD    +203 894 8484    T-680  P.003/006  F-773

## PROMISSORY NOTE AND GUARANTY

obligation. Any such extension or release may be made without notice to any of such parties and without discharging their liability. The holder(s) hereof shall not be deemed by any act, or omission, to have waived any of its rights or remedies hereunder, unless such waiver is set forth in such writing.

None of the rights or remedies of the holder hereunder are waived or affected by failure or delay to exercise them. All remedies conferred on holder by this Note or any other instrument or agreement shall be cumulative and none are exclusive. Such remedies may be exercised concurrently or consecutively at the holder's option.

Obligor promises to pay reasonable attorney's fees and costs incurred in collection and/or enforcement of this Note or any part hereof, and in the event of any Court action, all costs and such additional sums as attorney's fees as the Court may adjudge reasonable.

This Note shall be assignable in whole or in part without the consent of Obligor provided that no such partial assignment shall be for a principal amount of less than Five Hundred Thousand Dollars ($500,000.00).

The laws of the State of New York applicable to agreements made and to be performed entirely within such state shall govern the validity, construction performance and effect of this Note. Obligor irrevocably and unconditionally submits to and accepts the exclusive jurisdiction of any United States federal court sitting in the Borough of Manhattan, City of New York for any action, suit, or proceeding arising out of or based upon this Note or any matter relating to it, and waives any objection it may have to the laying of venue in any such court or that such court is an inconvenient forum or does not have personal jurisdiction over it.

OCEAN POWER CORPORATION

By: _____
    Joseph P. Maceda, President

vip/kmddocs/lockwood/promnotesLock.wd

# EXHIBIT B

# GUARANTY

GUARANTY given by Joseph P. Maceda, the undersigned, to induce the acceptance of the within note (the "Note") by the Ocean Power Corporation.

1.  *Obligation.* In consideration of the loan made upon the Note, the undersigned hereby unconditionally guarantees to the Ocean Power Corporation, it successors, and assigns, and to every subsequent holder of the Note, irrespective of the genuineness, validity, regularity, or enforceability thereof, or of the obligation evidenced thereby, or of an collateral therefore, or of the existence, extent, or values of any such collateral, irrespective of any other circumstance, that all sums stated therein to be payable on the Note shall be promptly paid in full, in accordance with the provisions thereof, whether at maturity, by acceleration or otherwise, and in case of any extension or extensions, renewal or renewals.

2.  *Consent.* The undersigned hereby consents that at any time, without notice to the undersigned, payment of any sums payable on the Note, or of any of the collateral therefore, may be extended, or the Note or any of such collateral may be renewed in whole or in part, or any of such collateral may be exchanged, surrendered, or otherwise dealt with as the holder of the Note may determine, or any party of the Note may be done, all without affecting the liability of the undersigned.

3.  *Waiver.* The undersigned hereby waives presentment, demand for payment by the maker or anyone else, protest, and notice of nonpayment, dishonor, or protest of the Note, and all other notices and demands.


Dated:_____, 2001
      New York, New York


                                    _____/s/ Joseph P. Maceda_____
                                         Joseph P. Maceda, President

                                    Dated:_____3/5_____, 2001

# EXHIBIT C

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL D. LOCKWOOD and
ALGONQUIN CAPITAL MANAGEMENT, LLC,
A Connecticut Limited Liability Company,

Civil Action Number: 07-cv-7524

                               Plaintiff,

**VERIFIED AMENDED ANSWER
TO THE COMPLAINT**

- against –

JOSEPH MACEDA,

                               Defendant.
------------------------------------------------------------------X

      Defendant, JOSEPH MACEDA, by his attorneys WHITE, CIRRITO & NALLY, LLP, as and for his Verified Amended Answer to Plaintiffs' Complaint, states as follows:

### AS TO THE PRELIMINARY STATEMENT and PARTIES

      FIRST: Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs numbered "1", "2" and "3" of the Complaint.

### AS TO JURISDICTION and VENUE

      SECOND: Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs numbered "6" and "7" of the Complaint.

### AS TO THE BACKGROUND FACTS
### (a) The Guaranteed Note

      THIRD: Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs numbered "8" and "9" of the Complaint.

      FOURTH: Denies each and every allegation contained in Paragraph "10" of the Complaint.

### (b) Events of Default

      FIFTH: Denies each and every the allegation of the Complaint contained in Paragraph "11" of the Complaint

      SIXTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs numbered "12" of the Complaint.

### (c) Ocean Power's Bankruptcy

SEVENTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs numbered "13", "14", "15", "16" and "17" of the Complaint.

EIGHTH: Denies each and every allegation contained in Paragraphs "18", "19" and "20" of the Complaint.

### AS TO COUNT ONE- Breach of Contract

NINTH: Defendant repeats, reiterates and realleges each and every admission and denial to paragraphs numbered "1" through "20", with the same force and affect as though the same were set forth at length herein.

TENTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs numbered "22" and "23" of the Complaint.

ELEVENTH: Denies each and every allegation contained in Paragraphs "24" and "25" of the Complaint.

### AS TO COUNT TWO- Breach of Guaranty

TWELFTH: Defendant repeats, reiterates and realleges each and every admission and denial to paragraphs numbered "1" through "20" and "21" through "25", with the same force and affect as though the same were set forth at length herein.

THIRTEENTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs numbered "28" of the Complaint.

FOURTEENTH: Denies each and every allegation contained in Paragraphs numbered "27", "29" and "30" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FIFTEENTH: The instant case cannot be maintained by the Plaintiff ALGONQUIN CAPITAL MANAGEMENT, LLC, A Connecticut Limited Liability Company (hereinafter "ALGONQUIN"), in that Plaintiff ALGONQUIN is not authorized to do business in the State of New York as required by Section 206 of the New York State Limited Liability Company Law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SIXTEENTH: The Complaint warrants dismissal in that the maintenance of this action is duplicative of other actions commenced in the United States District Court for the Southern District of New York and the New York State Supreme Court for the County of Westchester.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**SEVENTEENTH:** The Complaint should be dismissed in that it is barred by the applicable Statute of Limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**EIGHTEENTH:** The Complaint should be dismissed in that the Plaintiffs were paid for the liability asserted against the Defendant by reason of the acquisition of certain property under the bankruptcy proceeding in the United States Bankruptcy Court of the Southern District of New York, **In Re: Ocean Power Corporation**, Docket number 02-15989.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**NINETEENTH:** The Complaint should be dismissed under the doctrine of accord and satisfaction.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**TWENTIETH:** The Complaint should be dismissed in that the Court lacks diversity of jurisdiction under 28 USC 1332.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

**TWENTY-FIRST:** The Complaint should be dismissed in that the alleged guaranty of payment by the Defendant to the Plaintiff is barred by the Statute of Frauds under General Obligations Law Section 5-701(2) and (5).

**WHEREFORE**, the Defendant JOSEPH MACEDA, demands judgment dismissing the Complaint, together with the costs, disbursements and attorneys' fees herein, and for such other and further relief as to this Court may seem just and proper.

Dated: Hempstead, NY
November 11, 2007

WHITE, CIRRITO & NALLY, LLP

By: _____
MICHAEL L. CIRRITO (MLC-9053)
Attorneys for Defendant MACEDA
58 Hilton Avenue
Hempstead, NY 11550
(516) 292-1818

To: SULLIVAN & WORCESTER, LLP
Attorneys for Plaintiff
1290 Avenue of the Americas
New York, New York 10104
(212) 660-3000