Barry S. Pollack (BP 4039)
Mary Cecilia Sweeney (MS 6047)
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 660-3000

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL D. LOCKWOOD and ALGONQUIN CAPITAL MANAGEMENT, LLC, a Connecticut Limited Liability Company,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　vs.<br><br>JOSEPH MACEDA,<br><br>　　　　　　　　　　Defendant. | Case No. 07-cv-7524 (HB) |

**RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS BY
PLAINTIFF ALGONQUIN CAPITAL MANAGEMENT, LLC**

Plaintiff Algonquin Capital Management, LLC, respectfully submits this Statement of Undisputed Facts in support of its summary judgment motion:

1. In 2001, Defendant Joseph Maceda induced Michael Lockwood to loan at least $3,000,000 dollars to the Defendant's company, the Ocean Power Corporation ("Ocean Power"), $ 2.5 million of which was guaranteed by the Defendant. Certification of Michael Lockwood ¶2.

2. At the time, Defendant Maceda served as President of Ocean Power and a member of Ocean Power's Board of Directors. *Id.*

3. On or about March 5, 2001, Defendant Maceda executed a $2.5 million Promissory Note and Guaranty in favor of Lockwood (the "2.5M Note & Guaranty"), in which Maceda personally and unconditionally guaranteed this obligation. *Id.*

1

4. The 2.5M Note & Guaranty provided for a standard interest rate of 10.5% and a default rate of 13.5%. *Id.*

5. By the terms of the pertinent instruments, Lockwood possessed the right to assign the 2.5M Note & Guaranty. *Id.* ¶ 5.

6. On September 19, 2001, on behalf of Ocean Power, Defendant Maceda executed a separate $500,000 note, in favor of Lockwood, that did not contain a personal guarantee (the "Non-Guaranteed 500K Note"). *Id.* The Non-Guaranteed 500K Note was also freely assignable.

8. Ultimately, all instruments in favor of Lockwood were assigned to Algonquin. *Id.*

9. The deadlines for repayment of the 2.5M Note & Guaranty were extended at the request of Defendant Maceda and his company, but repayment never occurred as promised. *Id.* ¶ 6.

10. As of September 30, 2002, despite the agreed-upon extensions of the original payment deadlines, Ocean Power had not made a single payment of outstanding principal or accrued interest under the 2.5M Note & Guaranty. *Id.*

11. Moreover, Ocean Power indicated that no payment would be forthcoming. *Id.*

12. Thereafter, Ocean Power was served with notice of its default, which also placed Defendant Maceda on notice of the default. *Id.* ¶ 7.

13. On or about December 1, 2002, Ocean Power filed for bankruptcy. *Id.* ¶ 8.

14. Pursuant to the 2.5M Note & Guaranty, the Non-Guaranteed 500K Note, and other promissory notes (not at issue in this case) that Ocean Power issued, the collective debt of Ocean Power to Algonquin was in the principal amount of at least $3.5 million. *Id.*

15. On or about December 2, 2002, Ocean Power filed a motion to sell its assets. *Id.* ¶ 9.

16. Under the pertinent agreement, Algonquin participated in the purchase of substantially all of Ocean Power's assets for $2 million dollars. *Id.*

17. Algonquin paid the $2 million consideration in the form of a *partial* waiver and/or assignment of its right, title, interest and/or claims in, to and under a *portion* of certain notes. Pursuant to Section 2.2. of the Sale Agreement and by Order of the United States Bankruptcy Court dated August 6, 2007 (the "Order"), the partial credit was to be applied to outstanding promissory notes issued by Ocean Power "[a]t the option of the Purchaser," Algonquin. *Id.*

18. Consistent with the Order, Algonquin applied the credit first to other loans not at issue in this action and then to all outstanding principal and interest under the Non-Guaranteed 500K Note, with the remainder allocated to interest payments due and owing under (and, if and to the extent applicable, the principal balance of) the 2.5M Note & Guaranty. *Id.*

19. After subtracting repayment of the other loans, the Non-Guaranteed 500k Note, and certain interest on the 2.5M Note & Guaranty, at least $1,658,822.55 remains due and owing to Algonquin in this action, and more than an additional $500,000 remains due and owing in the 7522 Action, when these cases were filed. *Id.* ¶ 10.

Dated: January 29, 2008                             Respectfully submitted,

                                                    MICHAEL D. LOCKWOOD AND
                                                    ALGONQUIN CAPITAL MANAGEMENT, LLC,

                                                    By their counsel,


                                                    / s / Barry S. Pollack
                                                    Barry S. Pollack (BP4039)
                                                    Mary Cecilia Sweeney (MS 6047)
                                                    Sullivan & Worcester LLP
                                                    1290 Avenue of the Americas
                                                    New York, New York 10104
                                                    (212) 660-3000

3