EXH A

# PROMISSORY NOTE AND GUARANTY
### Exhibit 1

$500,000.00                                                                Date: 5 March, 2001

FOR VALUE RECEIVED, The undersigned, Ocean Power Corporation, a Delaware Corporation ("Obligor"), promises to pay to the order of John V. Doyle and his successor or assigns (each an "Obligee") at 5000 Robert J. Mathews Parkway, El Dorado Hills, California 95762, the sum of Five Hundred Thousand Dollars ($500,000) with interest thereon from the date hereof until paid, at the rate of ten and one half percent (10.5%) per annum, in accordance with the following schedule:

| PAYMENT DATE | AMOUNT |
|---|---|
| September 5, 2001 | All Accrued but unpaid interest |
| December 5, 2001 | All accrued but unpaid interest |
| March 5, 2002 | All unpaid principal and accrued but unpaid interest |

Should interest or principal not be paid when due, all interest and principal shall thereafter bear interest at a rate of 13.5%. Principal and interest are payable in lawful money of the United States.

Ocean Power Corporation may make payments on the principal of this Note at any time without penalty, provided any such payments shall first be credited to costs, expenses, fees or penalties due, then to interest due, then to principal.

Obligor hereby covenants and agrees that until this Note is paid in full, it shall (i) incur no indebtedness that is not expressly subordinated to the prior payment in full of all payments due under this Note or (ii) grant, or suffer to exist any lien, pledge or other security interest on all or any portion of its assets.

In the event that (i) Obligor shall commence a voluntary case or proceeding for relief, or an involuntary case or proceeding shall be commenced against Obligor seeking relief with respect to Obligor's debts, under bankruptcy, insolvency or other similar law now or hereafter in effect (ii) Obligor seeks, or if any third party seeks in an involuntary proceeding, the appointment of a trustee, liquidator, receiver, custodian or other similar official for all or a substantial portion of Obligor's assets, (iii) Obligor shall consent to such relief or to the appointment of, or taking possession by, any such official in an involuntary case or other proceeding commenced against him or (iv) Obligor shall make a general assignment for the benefit of creditors, or shall fail generally to pay debts when due, then, without any action by Obligee, in each case the entire amount payable under this Note shall become immediately due and payable.

Obligor and all others who may become liable for the payment of all or any part of this obligation do hereby severally waive presentation for payment, protest and demand, notice of protest, demand and dishonor, or nonpayment of this Note, and agree that the duties and obligations of Obligors, or anyone else who may become liable hereunder, may be extended from time to time without affecting the liability of each. An Obligee may consent to any extension of time regarding the payment hereof, or the release of any party liable for this

wlp/finddocs/lockwood/promnotejdoyle

## PROMISSORY NOTE AND GUARANTY

obligation. Any such extension or release may be made without notice to any of such parties and without discharging their liability. The holder(s) hereof shall not be deemed by any act, or omission, to have waived any of its rights or remedies hereunder unless such waiver is set forth in such writing.

None of the rights or remedies of the holder hereunder are waived or affected by failure or delay to exercise them. All remedies conferred on holder by this Note or any other instrument or agreement shall be cumulative and none are exclusive. Such remedies may be exercised concurrently or consecutively at the holder's option.

Obligor promises to pay reasonable attorney's fees and costs incurred in collection and/or enforcement of this Note or any part hereof, and in the event of any Court action, all costs and such additional sums as attorney's fees as the Court may adjudge reasonable.

This Note shall be assignable in whole or in part without the consent of Obligor provided that no such partial assignment shall be for a principal amount of less than Five Hundred Thousand Dollars ($500,000.00).

The laws of the State of New York applicable to agreements made and to be performed entirely within such state shall govern the validity, construction performance and effect of this Note. Obligor irrevocably and unconditionally submits to and accepts the exclusive jurisdiction of any United States federal court sitting in the Borough of Manhattan, City of New York for any action, suit, or proceeding arising out of or based upon this Note or any matter relating to it, and waives any objection it may have to the laying of venue in any such court or that such court is an inconvenient forum or does not have personal jurisdiction over it.

OCEAN POWER CORPORATION

By: _____
Joseph P. Maceda, President

wip/funddocs/lockwood/promnote/jdoyle

# GUARANTY

GUARANTY given by Joseph P. Maceda, the undersigned, to induce the acceptance of the within note (the "Note") by the Ocean Power Corporation.

1. *Obligation.* In consideration of the loan made upon the Note, the undersigned hereby unconditionally guarantees to the Ocean Power Corporation, it successors, and assigns, and to every subsequent holder of the Note, irrespective of the genuineness, validity, regularity, or enforceability thereof, or of the obligation evidenced thereby, or of an collateral therefore, or of the existence, extent, or values of any such collateral, irrespective of any other circumstance, that all sums stated therein to be payable on the Note shall be promptly paid in full, in accordance with the provisions thereof, whether at maturity, by acceleration or otherwise, and in case of any extension or extensions, renewal or renewals.

2. *Consent.* The undersigned hereby consents that at any time, without notice to the undersigned, payment of any sums payable on the Note, or of any of the collateral therefore, may be extended, or the Note or any of such collateral may be renewed in whole or in part, or any of such collateral may be exchanged, surrendered, or otherwise dealt with as the holder of the Note may determine, or any party of the Note may be done, all without affecting the liability of the undersigned.

3. *Waiver.* The undersigned hereby waives presentment, demand for payment by the maker or anyone else, protest, and notice of nonpayment, dishonor, or protest of the Note, and all other notices and demands.

Dated:_____, 2001
New York, New York

_____
Joseph P. Maceda, President

Dated: 3/5/, 2001