# Exhibit A

12/01/02@4:46 PM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              Chapter 11
                                                    Case No. 02 B

**OCEAN POWER CORPORATION,**

Tax I.D. No. 94-3350291                             **AFFIDAVIT PURSUANT TO**
                                                    **LOCAL BANKRUPTCY RULE 1007-2**


                        Debtor.
------------------------------------------------------------x

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

        Joseph P. Maceda, being duly sworn, deposes and says:

        1.      I am the President of Ocean Power Corporation (the "Debtor" or "OPC").
This affidavit is submitted pursuant to Rule 1007-2 of the Local Rules for the United States
Bankruptcy Court for the Southern District of New York.

        2.      The Debtor is a corporation incorporated under the laws of the State of
Delaware.  OPC's common stock is publicly held and traded on the NASDAQ OTC Bulletin
Board.  As of September 24, 2002, the Debtor had 56,182,746 shares of outstanding common
stock.  OPC has 20,000,000 authorized shares of preferred stock, of which none are issued or
outstanding.

        3.      The Debtor is the successor to a development stage company formed in
1992 to develop and manufacture modular seawater desalination and power plants.  It maintains
offices at 5000 Robert J Matthews Parkway, El Dorado Hills, California 95762.  Until August,
2002, the Debtor maintained its executive offices at 230 Park Avenue, Suite 10104, New York,
New York 10169.  Currently, the Debtor's executive offices are operated from premises located
123 Seventh Avenue, #187, Brooklyn, New York 11215.

12/01/02@4:46 PM

4.    This case was not originally commenced under chapter 7, 12 or 13 of the Bankruptcy Code.

5.    No committee of creditors has been formed in this case to date.

6.    A list of the names, addresses, telephone numbers, contacts, and amount of claims of the holders of the twenty (20) largest unsecured creditors against the Debtor, excluding insiders, is set forth on Schedule 1 hereto.

7.    A description of the holders of secured claims against the Debtor, including such entities' name and address, a brief description of the collateral securing such claim, is set forth on Schedule 2 hereto.

8.    Accordingly to the most recent 10-Q filed by OPC with the United States Securities and Exchange Commission on September 13, 2002, the Debtor's assets as at June 30, 2002 aggregated $1,465,024 and the its liabilities aggregated $24,012,243.

9.    The individuals who comprise the Debtor's existing management team, together with a brief description of their respective responsibilities, are as follows:

| Name | Position | Responsibilities |
|------|----------|------------------|
| J. Michael Hopper | Secretary/Treasurer and Chief Financial Officer | Day to day operations of the company, interfacing with company's lenders, accountants and attorneys |
| Gloria Rose Ott | Chairman of the Board of Directors | Acting as liaison with the company's lenders and coordinating the ordinary course of business affairs for the company's board of directors |

2

12/01/02@4:46 PM

    10.    None of the Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

    11.    A description of the leased premises from which the Debtor operates is set forth is set forth on Schedule 3 hereto.

    12.    The Debtor's primary assets consist of intellectual property, including patents and other technologies, the value of which is currently undetermined. The Debtor's other assets, consisting of office furniture, computers and software, phone systems, equipment and leasehold improvements are located its leased premises.

    13.    The books and records of the Debtor are located at the Debtor's offices in El Dorado Hills, California.

    14.    The actions pending against the Debtor or its property are set forth on Schedule 4 hereto.

    15.    The Debtor estimates that salaries for its management non-management personnel for the thirty (30) day period following the filing will total $24,827.

    16.    It is anticipated that for the thirty (30) day period following the filing, the Debtor will receive funds in form of advances under post-petition financing facility in the aggregate amount of $132,607. Expenses for the same thirty (30) day period are estimated as follows:

| | |
|---|---|
| Salaries | 24,827.00 |
| Administrative Expenses | 11,780.00 |
| Professional Services | 75,000.00 |
| Special Allocation For Maintenance of Patents | 21,000.00 |
| TOTAL | 132,607.00 |

3

12/01/02@4:46 PM

17.    The Debtor is a development stage company, the operations of which have been financed primarily by raising capital through private placements of its stock and/or loans from third parties.  The proceeds from the financing have been used to develop the Debtor's technologies, pursue acquisitions and make strategic alliances and pay operating costs.  Over the past twelve months, the Debtor has endeavored to stem severe cash flow shortages through, among other things, workforce and overhead reductions, and the consolidation of its business operations.  Due to persistent cash flow shortages, the Debtor terminated substantially all of its employees prior to the commencement of the Chapter 11 case.

18.    As a result of a confluence of events, including a general contraction of available financing from capital markets and the recent bankruptcy in Norway of Sigma Elektroteknisk, AS, a wholly owned subsidiary, the Debtor filed the instant Chapter 11 case to protect and preserve its intellectual properties and maximize asset values.  The Debtor intends to seek authority to sell its business assets through an auction sale to be conducted under the auspices of the bankruptcy court.

19.    The Debtor believes that continuing under the protection of the bankruptcy court will enable it to maximize asset values for the benefit of its creditors.

Dated: New York, New York
        December 1, 2002

                                OCEAN POWER CORPORATION
                                Debtor and Debtor in Possession

                                By:     /s/ Joseph P. Maceda
                                        Joseph P. Maceda, President

    I, Joseph P. Maceda, President of Ocean Power Corporation, certify under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

                                         /s/ Joseph P. Maceda
                                        Joseph P. Maceda

4

12/01/02@4:46 PM

## Schedule 2

## List of Secured Creditors

| Name and Address | Description of Collateral | Amount of Claim |
|---|---|---|
| | | |
| Algonquin Capital Management, LLC 440 Main Street Ridgefield, CT 06877 Attn: Michael D. Lockwood | All personal property of the Debtor evidenced by various promissory notes and a security agreement dated May 30, 2002 among the Debtor, Algonquin Capital Management, LLC and John V. Doyle | $3,701,005.66 |
| Hibernia Capital Management, LLC c/o John V. Doyle 3 Club Road Rye, NY 10580 | All personal property of the Debtor evidenced by a promissory note dated 3/5/01 and a security agreement dated May 30, 2002 among the Debtor, Algonquin Capital Management, LLC and John V. Doyle | $ 601,544.00 |

12/01/02@4:46 PM

Schedule 3

Nonresidential Real Property Leases

| Leased Premises | Landlord Name/Address |
|---|---|
| 230 Park Avenue<br>Suite 1000<br>New York, NY 10169<br>(Premises vacated in 8/02) | HQ Global Workplaces<br>P.O. Box 847593<br>Dallas, TX 75284-7593 |
| 5000 Robert J. Matthews Parkway<br>El Dorado Hills, CA 95762 | Robert O. Bylin and Sandra D. Bylin<br>4800 Golden Foothill Parkway<br>El Dorado Hills, CA 95762 |
| 100 12th Street [1]<br>Building 2861<br>Marina, CA 93933 | Fort Ord Reuse Authority<br>100 12th Street<br>Building 2880<br>Marina, CA 93933<br>Attn: Stan Cook |

---

[1] Upon information and belief, the obligations under the lease were assumed and assigned to a subsidiary of the Debtor prior to the Petition Date."

12/01/02@4:46 PM

# SCHEDULE 4

## Pending Litigation

| Case Name | Case No. | Court | Plaintiff's Counsel |
|---|---|---|---|
| Daniel D. McHargue v. Ocean Power Corporation et al. | 001AS05641 | Superior Court for the State of California for the County of Sacramento | Law Office Paul L. Cass, LL.M. 7803 Madison Avenue, Ste. 610 Citrus Heights, CA 95610 Attn: Paul L. Cass, Esq. |
| Jon Hanlon v. Ocean Power Corp. | PSC20020704 | El Dorado County Superior Small Claims Court | Jon Hanlon, Pro Se 7260 Dragon Point Road Latrobe, CA 95682 |
| Edward Friedberg, etc. v. Ocean Power Corporation, et al. | 02AS06153 | Superior Court for the State of California for the County of Sacramento | Friedberg Law Corporation 650 University Avenue, Suite 205 Sacramento, CA 95825 Attn: Stephanie J. Finelli, Esq. |
| Joel C. Rich v. Ocean Power Corporation | 08-38155 1 AB | Labor Commissioner State of California Department of Industrial Relations Division of Labor Standards Enforcement | Labor Commissioner 2031 Howe Avenue Sacramento, CA 95825 |
| Wendy K. Rich v. Ocean Power Corporation | 08-38215 1 AB | Labor Commissioner State of California Department of Industrial Relations Division of Labor Standards Enforcement | Labor Commissioner 2031 Howe Avenue Sacramento, CA 95825 |
| Jon Hanlon v. Ocean Power Corporation | 08-38001 1 AB | Labor Commissioner State of California Department of Industrial Relations Division of Labor Standards Enforcement | Labor Commissioner 2031 Howe Avenue Sacramento, CA 95825 |