Exhibit D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -

|  |  |  |
|---|---|---|
| In re | x : : | |
| OCEAN POWER COMPANY, | : : | Chapter 11 |
| Debtor. | : : : | Case No. 02-15989 (CB) |
| | : : : | |

- - - - - - - - - - - - - - - - - - - - - - :x

**ORDER UNDER 11 U.S.C. §§105(a), 363 AND 365, AND FED. R. BANKR. P. 2002, 6004, 6006, AND 9014, (A) APPROVING ASSET SALE AGREEMENT WITH ALGONQUIN CAPITAL MANAGEMENT L.L.C. AND HIBERNIA CAPITAL MANAGEMENT L.L.C. (B) AUTHORIZING (i) SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, AND (ii) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, LICENSES, AND INTELLECTUAL PROPERTY RIGHTS, AND (C) GRANTING RELATED RELIEF**

This matter having come before the Court on the motion, dated December 1, 2002

(the "Motion"),[1] of Ocean Power Company, debtor and debtor-in-possession ("OPC,"

the "Debtor," or the "Seller"), for, inter alia, entry of an order under 11 U.S.C. §§

105(a), 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (the "Sale

Order") (a) authorizing (i) the Debtor's proposed sale (the "Asset Sale") of

substantially all of its assets (the "Acquired Assets"), free and clear of all liens,

claims, charges, licenses, interests, and encumbrances (collectively, "Interests"),

pursuant to and as described in the asset purchase agreement, dated as of December 1,

9332384.3

2002 (the "Sale Agreement"), as modified by a certain Creditor Settlement

Agreement (the "Settlement Agreement"),[2] between OPC, as seller, and Algonquin

Capital Management L.L.C. and Hibernia Capital Management L.L.C. (together,

"Purchaser"), as purchaser and (ii) the Seller's assumption and assignment to the

Purchaser of certain executory contracts, licenses and other contractual intellectual

property rights (the "Assigned Contracts"), pursuant to and as described in the Sale

Agreement, free and clear of all Interests, and (b) granting related relief; and the

Court having entered an order on December 5, 2002 (the "Bidding Procedures

Order") pursuant to which the Court, among other things, approved (i) the Debtor's

proposed bidding procedures annexed to the Motion and (ii) the form and manner of

notice of the Asset Sale; and no Qualified Alternative Bids having been made

pursuant to the approved bid procedures, and the Official Committee of Unsecured

Creditors (the "Committee") having filed (a) an objection to the Motion, the Sale

Agreement and the Asset Sale; (b) certain discovery requests upon the Debtor (and

certain of its professionals) and Purchaser (and certain of their principals, agents and

professionals), consisting of, among other things, document requests, interrogatories

and deposition notices; (c) a motion to surcharge Purchaser's collateral pursuant to

section 506(c) of the Bankruptcy Code; (d) a motion to terminate the Debtor's

exclusive periods to file and solicit acceptances to a plan; (e) a motion to vacate the

---

[1]    Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Motion or the Sale Agreement (defined below), as the case may be.

[2]    A copy of the Settlement Agreement is annexed hereto as Exhibit A; a copy of the Sale Agreement is annexed as Exhibit A to the Motion.

Final Order approving the Debtor's DIP financing facility; and (f) a complaint seeking to, among other things, avoid the Purchaser's liens and the related adversary proceeding 03-0235-cb (collectively, the "Committee Objections") and the Committee having agreed to resolve, withdraw or dismiss, as the case may be, all of the Committee Objections in accordance with the provisions of the Settlement Agreement; and a hearing on the Motion having been held on January 15, 2003 (the "Sale Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and the Court having reviewed and considered (i) the Motion, (ii) the objections, if any, thereto, and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest; and upon the record of the Sale Hearing and this case; and after due deliberation thereon; and good cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**[3]

A.  The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).  Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[3]      Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

B.  The statutory predicates for the relief sought in the Motion are sections 105(a), 363(b), (f), (k), (m), (n) and 365 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014.

C.  As evidenced by the affidavits of service previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (i) the Seller has provided proper, timely, adequate and sufficient notice of the Motion, the Sale Hearing, the Asset Sale, and the assumption and assignment of the Assigned Contracts in accordance with sections 102(l), 363, and 365 of the Bankruptcy Code, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014, and in compliance with the Bidding Procedures Order, (ii) such notice was good and sufficient, and appropriate under the particular circumstances, and (iii) no other or further notice of the Motion, the Sale Hearing, the Asset Sale, or the assumption and assignment of the Assigned Contracts is or shall be required.

D.  As demonstrated by the testimony and other evidence proffered or adduced at the Sale Hearing and the representations of counsel made on the record at the Sale Hearing, the Seller has sufficiently marketed the Acquired Assets and conducted the sale process in compliance with the Bidding Procedures Order.

E.  The Seller (i) has full corporate power and authority to execute and deliver the Sale Agreement and all other documents contemplated thereby, and the sale of the Acquired Assets by the Seller has been duly and validly authorized by all necessary corporate action of the Seller, (ii) has all of the corporate power and authority necessary

9332384.3                                    - 4 -

to consummate the transactions contemplated by the Sale Agreement, and (iii) has taken all corporate action necessary to authorize and approve the Sale Agreement and the consummation by the Seller of the transactions contemplated thereby. No consents or approvals, other than those expressly provided for in the Sale Agreement, are required for the Seller to consummate such transactions.

F.  Approval of the Sale Agreement, the Settlement Agreement and consummation of the Asset Sale at this time are in the best interests of the Seller, its creditors, its estate, and other parties-in-interest.

G.  The Seller is liquidating its assets in an orderly fashion in this case and has demonstrated both good, sufficient, and sound business purpose and justification and compelling circumstances for the Asset Sale pursuant to section 363(b) of the Bankruptcy Code prior to, and outside of, a plan of reorganization.

H.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including: (i) the Office of the United States Trustee; (ii) counsel for the Purchaser; (iii) counsel for the Committee; (iv) all entities known to have asserted any lien, claim, interest or encumbrance in or upon the Acquired Assets; (v) all federal, state, and local regulatory or taxing authorities which have a reasonably known interest in the relief requested by the Motion; (vi) the Seller's 20 largest unsecured creditors; (vii) all non-Debtor parties to Assigned Contracts; (viii) the United States Attorney's office; (ix) the Securities and Exchange Commission; (x) the Internal Revenue Service; and (xi) all

entities who have filed a notice of appearance and request for service of papers in this case on or before the date of service of the Motion.

I.    The Sale Agreement and the Settlement Agreement were negotiated, proposed, and entered into by the Seller, the Purchaser and the Committee, as appropriate, without collusion, in good faith, and from arm's-length bargaining positions. Neither the Seller nor the Purchaser has engaged in any conduct that would cause or permit the Sale Agreement to be avoided under section 363(n) of the Bankruptcy Code.

J.    The Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. The Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transaction contemplated by the Sale Agreement and the Settlement Agreement at any time after the entry of this Sale Order.

K.    The consideration provided by the Purchaser for the Acquired Assets pursuant to the Sale Agreement and the Settlement Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Acquired Assets, (iii) will provide a greater recovery for the Seller's creditors than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia.

L.    The Asset Sale must be approved and consummated promptly in order to preserve and maximize the value of the Acquired Assets and the assets made part of the Purchase Price under the Settlement Agreement.

9332384.3                                          - 6 -

M. The transfer of the Acquired Assets to the Purchaser will be a legal, valid, and effective transfer of the Acquired Assets, and will vest the Purchaser with all right, title, and interest of the Seller in and to the Acquired Assets, free and clear of all Interests of any kind or nature whatsoever and all debts arising under or out of, in connection with, or in any way relating to, any acts of the Seller, claims (as defined in section 101(5) of the Bankruptcy Code), rights or causes of action (whether in law or in equity, including, but not limited to, any rights or causes of action based on theories of transferee or successor liability under any law, statute, rule, or regulation of the United States, any state, territory, or possession thereof, or the District of Columbia), obligations, demands, guaranties, rights, contractual commitments, restrictions, interests and matters of any kind or nature whatsoever, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise (collectively, "Claims").

N. The Purchaser would not have entered into the Sale Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Seller, its estate, and its creditors, if the sale of the Acquired Assets to the Purchaser and the assignment of the Assigned Contracts to the Purchaser were not free and clear of all Claims and Interests, or if the Purchaser would, or in the future could, be liable for any of the Claims and Interests.

O. The Seller may sell the Acquired Assets free and clear of all Claims and Interests because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Claims

and Interests and non-Debtor parties to Assigned Contracts who did not object, or who withdrew their objections to the Asset Sale or the Motion, are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Claims and Interests and non-Debtor parties to Assigned Contracts who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code.

P.  The Seller has demonstrated that it is an exercise of its sound business judgment to assume and assign the Assigned Contracts to the Purchaser in connection with the consummation of the Asset Sale, and the assumption and assignment of the Assigned Contracts is in the best interests of the Seller, its estate, and its creditors. The Assigned Contracts being assigned to the Purchaser are an integral part of the value of the Acquired Assets and, accordingly, the assumption and assignment of the Assigned Contracts is reasonable, enhances the value of the Seller's estate, and does not constitute unfair discrimination.

Q.  To the extent required by section 365 of the Bankruptcy Code, the Purchaser has provided adequate assurance of future performance of and under the Assigned Contracts, within the meaning of section 365(b)(1)(C) of the Bankruptcy Code.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

<u>General Provisions</u>

1.      The Motion be, and it hereby is, GRANTED, as further described herein.

9332384.3                           - 8 -

2.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.  The Committee Objections are hereby deemed denied, dismissed and withdrawn, with prejudice, as applicable.

<u>Approval of Sale Agreement</u>

3.      The Sale Agreement, as modified by the Settlement Agreement, and all of the terms and conditions thereof, is hereby approved.  The Sale Agreement is hereby modified to give effect to the Settlement Agreement.

4.      Pursuant to section 363(b) of the Bankruptcy Code, the Seller is authorized and directed to consummate the Asset Sale, pursuant to and in accordance with the terms and conditions of the Sale Agreement.

5.      The Seller, the Purchaser and the Committee are authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the Sale Agreement and the Settlement Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale Agreement and the Settlement Agreement, and to take all further actions as may be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser or Seller as part of the Purchase Price, or reducing to possession, the Acquired Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Sale Agreement and the Settlement.  J. Michael Hopper is hereby authorized to take any and all steps

9332384.3                                - 9 -

necessary to effectuate, consummate and/or implement the terms of this Sale Order on behalf of the Seller.

<u>Transfer of Acquired Assets</u>

6.    Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Acquired Assets shall be transferred to the Purchaser, and upon consummation of the Sale Agreement (the "Closing") shall be, free and clear of all Claims and Interests of any kind or nature whatsoever.

7.    Except as expressly permitted or otherwise specifically provided by the Sale Agreement or this Sale Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding Claims and Interests against or in the Seller or the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Seller, the Acquired Assets, the operation of the Business prior to the Closing Date, or the transfer of the Acquired Assets to the Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting against the Purchaser, its successors or assigns, its property, or the Acquired Assets, such persons' or entities' Claims and Interests.

8.    The transfer of the Acquired Assets to the Purchaser pursuant to the Sale Agreement constitutes a legal, valid, and effective transfer of the Acquired Assets, and shall vest the Purchaser with all right, title, and interest of the Seller in and to the Acquired Assets, free and clear of all Claims and Interests.

Assumption and Assignment to
Purchaser of Assigned Contracts

9.    Pursuant to sections 105(a) and 365 of the Bankruptcy Code, and

subject to and conditioned upon the Closing of the Asset Sale, the Seller's assumption and

assignment to the Purchaser, and the Purchaser's assumption on the terms set forth in the

Sale Agreement, of the Assigned Contracts is hereby approved, and the requirements of

section 365(b)(1) of the Bankruptcy Code with respect thereto are hereby deemed

satisfied.

10.    The Seller is hereby authorized and directed in accordance with

sections 105(a) and 365 of the Bankruptcy Code to (a) assume and assign to the

Purchaser, effective upon the Closing of the Asset Sale, the Assigned Contracts free and

clear of all Claims and Interests, and (b) execute and deliver to the Purchaser such

documents or other instruments as may be necessary to assign and transfer the Assigned

Contracts to the Purchaser.

11.    The Assigned Contracts, including, without limitation, the

Assigned Contracts set forth on Exhibit "C" to the Motion, shall be transferred to, and

remain in full force and effect for the benefit of, the Purchaser in accordance with their

respective terms, notwithstanding any provision in any such Assigned Contract

(including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy

Code) that prohibits, restricts, or conditions such assignment or transfer.

12.    All defaults or other obligations of the Seller under the Assigned

Contracts arising or accruing prior to the date of this Sale Order without giving effect to

any acceleration clauses or any default provisions of the kind specified in section

365(b)(2) of the Bankruptcy Code), if any, shall be deemed cured at the Closing of the Asset Sale or as soon thereafter as practicable, and the Purchaser shall have no liability for any such default or obligation, except as otherwise expressly provided in the Sale Agreement.

13.    The failure of the Seller or the Purchaser to enforce at any time one or more terms or conditions of any Assigned Contract shall not be a waiver of such terms or conditions, or of the Seller's and Purchaser's rights to enforce every term and condition of the Assigned Contracts.

<u>Additional Provisions</u>

14.    The consideration provided by the Purchaser for the Acquired Assets under the Sale Agreement and the Settlement Agreement shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia.

15.    The consideration provided by the Purchaser for the Acquired Assets under the Sale Agreement and the Settlement Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

16.    On the date of the Closing of the Sale (the "Closing Date"), each of the Seller's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to (a) release its Claims against or Interests in the Acquired Assets, if any, as such Claims or Interests may have been recorded or may otherwise exist and (b) to give effect to the Settlement Agreement.

17.    Each and every federal, state, and local governmental agency, department, or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Agreement.

18.    The Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the relief granted hereunder.

19.    All entities who are presently, or on the Closing Date may be, in possession of some or all of the Acquired Assets are hereby directed to surrender possession of the Acquired Assets to the Purchaser on the Closing Date.

20.    The Purchaser shall not be liable or responsible for any liability or other obligation of the Seller arising under or related to the Acquired Assets other than for the Purchase Price. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein and in the Sale Agreement, the Purchaser shall not be liable for any Claims against the Seller or any of its predecessors or affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind or character, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Seller or any obligations of the Seller arising prior to the Closing Date.

21.    Under no circumstances shall the Purchaser be deemed a successor of or to the Seller for any Claim or Interest against or in the Seller, the Acquired Assets, or the Business. The sale, transfer, assignment and delivery of the Acquired Assets shall

not be subject to any Claims and Interests, and all Claims and Interests shall remain with, and continue to be obligations of, the Seller. All persons holding Claims or Interests against or in the Seller or the Acquired Assets shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Claims or Interests against the Purchaser, its property, its successors and assigns, or the Acquired Assets with respect to any Claim or Interest such person or entity had, has, or may have against or in the Seller, its estate, officers, directors, affiliates, shareholders, or the Acquired Assets. Following the Closing Date, no holder of a Claim against or Interest in the Seller shall interfere with the Purchaser's title to or use and enjoyment of the Acquired Assets based on or related to such Claim or Interest, or any actions that the Seller may take in its Chapter 11 case.

22.     This Court shall retain jurisdiction to enforce and implement the terms and provisions of the Sale Agreement, the Settlement Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to compel delivery of the Acquired Assets to the Purchaser, resolve any disputes arising under or related to the Sale Agreement or the Settlement Agreement, except as otherwise provided therein, interpret, implement, and enforce the provisions of this Sale Order, and protect the Purchaser against any Claims against or Interests in the Seller or the Acquired Assets, attaching to the proceeds of the Asset Sale.

23.     Nothing contained in any plan of reorganization or liquidation confirmed in the Seller's Chapter 11 case or any order of this Court confirming such plan

shall conflict with or derogate from the provisions of the Sale Agreement, the Settlement Agreement or the terms of this Sale Order.

24.     The transfer of the Acquired Assets pursuant to the Asset Sale shall not subject the Purchaser to any liability with respect to the operation of the Business prior to the Closing Date or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable subordination or successor or transferee liability.  Moreover, Purchaser shall not be deemed to (a) be the successor of the Seller, (b) have, de facto or otherwise, merged with or into the Seller, or (c) be a mere continuation or substantial continuation of the Seller or the enterprise of the Seller.

25.     The transactions contemplated by the Sale Agreement and the Settlement Agreement are undertaken by the Purchaser, the Seller and the Committee in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Asset Sale shall not affect the validity of the Asset Sale to the Purchaser, unless such authorization is duly stayed pending such appeal.  The Purchaser is a purchaser in good faith of the Acquired Assets and the Assigned Contracts and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

26.     The terms and provisions of the Sale Agreement, the Settlement Agreement and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Seller, the Purchaser, and their respective affiliates, successors and assigns,

the Seller's estate and creditors, and any affected third parties including, but not limited

to, all persons asserting a Claim against or Interest in the Acquired Assets to be sold to

the Purchaser pursuant to the Sale Agreement, notwithstanding any subsequent

appointment of any trustee, responsible person, estate administrator, representative or

similar person (a "Responsible Person") for or in connection with the Seller's estate or

affairs in this case or in any subsequent case under the Bankruptcy Code involving the

Seller, as to which Responsible Person(s) such terms and provisions likewise shall be

binding in all respects.

27.     The Sale Agreement as modified by the Settlement Agreement, is

in full force and effect and the failure specifically to include any particular provisions of

the Sale Agreement in this Sale Order shall not diminish or impair the effectiveness of

such provisions, it being the intent of the Court that the Sale Agreement be authorized

and approved in its entirety.

28.     The Sale Agreement and any related agreements, documents or

other instruments may be modified, amended or supplemented by the parties thereto, in a

writing signed by each of the Seller, the Purchaser and the Committee, and in accordance

with the terms thereof, without further order of the Court.

29.     To the extent of any inconsistencies among the Sale Order, the

Sale Agreement and the Settlement Agreement, the Settlement Agreement shall govern.

       30.    The provisions of this Sale Order are nonseverable and mutually

dependent.

Dated: New York, New York
      February 6, 2003


                              /s/ Cornelius Blackshear
                              United States Bankruptcy Judge

NO OBJECTION:
The City of New York
Law Department

By: /s/ Gabriela P. Cacuci
      Gabriela P. Cacuci (GC-4791)
      100 Church Street
      New York, NY 10007

Exhibit A


**Settlement Agreement**

9332384.3

341997.04-New York Server 3A                                    Draft October 12, 2001 - 5:05 pm