Barry S. Pollack (BP 4039)
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas
New York, New York  10104
(212) 660-3000
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

MICHAEL D. LOCKWOOD and ALGONQUIN
CAPITAL MANAGEMENT, LLC, a
Connecticut Limited Liability Company,

                Plaintiffs,

vs.

JOSEPH MACEDA,

                Defendant.

Case No.  07-cv-07524 (HB)

## PLAINTIFFS' RESPONSE TO DEFENDANT'S RULE 56.1 STATEMENT OF UNDISPUTED FACTS

Plaintiffs, by their attorneys, Sullivan & Worcester LLP, hereby respond to Defendant's Rule 56.1 Statement of Undisputed Facts (the "Undisputed Facts") as follows:

### SPECIFIC OBJECTIONS AND RESPONSES

Plaintiffs object to Defendant Joseph Maceda's assertion of incomplete, misleading and inaccurate statements as "undisputed," which lacked good faith citations to evidence in the record.  Such assertions by the defendant violate Rule 56(g) of the Federal Rules of Civil Procedure.  Plaintiffs also object to the defendant's assertion of immaterial alleged facts in his statement of purportedly "undisputed" facts.

**Undisputed Statement No. 1:**

On March 5, 2001, JOSEPH MACEDA, executed a purported guaranty to "induce the acceptance of the within note (hereinafter "the Note") by Ocean Power Corporation" and not to induce Michael Lockwood to accept the Note.

**Response:** Disputed as an incomplete and misleading citation. *See* Declaration of Michael Lockwood ("Lockwood Decl."), Exh. A. It cannot be disputed that the guaranty was executed to induce Michael Lockwood to accept the Note. *See id., passim*; *See* Certification of Michael Hopper ("Hopper Cert."), Exhs. A, B.

**Undisputed Statement No. 2:**

The purported Guaranty was signed by JOSEPH MACEDA in his capacity as "President" of Ocean Power Corporation.

**Response:** Disputed. *See* Lockwood Decl., Exh. A. It cannot be disputed that the body of the Guaranty reflects that Joseph Maceda personally gave the guaranty. It is also undisputed that Maceda knew that he gave Lockwood a personal guaranty on the Note. *See* Hopper Cert., Exh. F.

**Undisputed Statement No. 3:**

That the purported Guaranty, guarantees payment to Ocean Power Corporation (hereinafter "OPC") and not to the Plaintiffs.

**Response:** Disputed. *See* Lockwood Decl., Exh. A. In fact, it cannot be disputed that the guaranty expressly was in favor of assigns and subsequent holders. *Id.*

**Undisputed Statement No. 4:**

That the Note of March 5, 2001 was secured and collateralized by all of the assets of OPC by virtue of a Security Agreement which gave the Plaintiff, Lockwood a "first priority lien on and security interest in all of the Debtor's assets."

**Response:** Disputed. *See* Lockwood Decl., Exh. A. It is undisputed that the note of March 5, 2001, was not secured and collateralized at the time of the execution of the guaranty. The Security Agreement to which Maceda has cited is dated more than a year after the guarantees at issue were executed by the defendant.

**Undisputed Statement No. 5:**

That on December 1, 2002, JOSEPH MACEDA resigned as President and Member of the Board of Directors of OPC.

**Response:** Disputed to the extent it implies that Maceda did not participate in the bankruptcy filing and execution of the Asset Purchase Agreement with Plaintiffs on December 1, 2002. *See* Hopper Cert., Exhs. A, B, C, E. The defendant signed first-day motions and an

affidavit in connection with the commencement of Ocean Power's bankruptcy proceedings. Though Maceda may have resigned as president of Ocean Power on December 1, 2002, he did not state his intention to resign as director of Ocean Power until February 20, 2003. *Id.* Exh. G.

**Undisputed Statement No. 6:**

That on December 2, 2002 (hereinafter "the Petition Date"), OPC filed a petition for relief under Chapter 11 of the United States Bankruptcy Code (hereinafter "Bankruptcy Code").

**Response:** Disputed. Ocean Power filed its bankruptcy proceedings on December 1, 2002. *See* Hopper Cert., Exh. C.

**Undisputed Statement No. 7:**

That as of the Petition Date, Plaintiff held certain promissory notes that were not purportedly guaranteed by JOSEPH MACEDA dated August 16, 2002, August 23, 2002, August 29, 2002, and September 19, 2002, in which there was due and owing approximately $620,000.

**Response:** Disputed, but admitted that Plaintiffs' predecessor-in-interest held certain notes not at issue in these proceedings. *See* Hopper Cert., ¶ 9.

**Undisputed Statement No. 8:**

That upon Plaintiff's Motion and with Plaintiff's consent, the Plaintiff was credited the sum of TWO MILLION ($2,000,000.00) DOLLARS in the Bankruptcy Court and credited that payment to the Notes set forth in Paragraph 7 above before giving any credit to the Note of OPC which was purportedly guaranteed by the Defendant.

**Response:** Undisputed, except to state that certain credits were applied to the guaranteed notes. *See* Certification of Michael Lockwood ("Lockwood Cert."), ¶ 9.

**Undisputed Statement No. 9:**

Upon the credit of $2,000,000.00 as set forth in Paragraph 8 above, the Plaintiff received all of the assets of OPC that were collateralized by the Note which is the subject of this action.

**Response:** Disputed that any items were "collateralized by the Note," *see* Lockwood Decl., Exh. A, but undisputed that upon a credit of $2 million, Plaintiff received certain assets of Ocean Power.

**Undisputed Statement No. 10:**

That after such credit, the remaining balance on the Note which is the subject of this action was deemed unsecured.

**Response:** Undisputed.

**Undisputed Statement No. 11:**

That after such credit, the Plaintiff released OPC from any further liability and the debt was discharged in bankruptcy.

**Response:** Disputed. The bankruptcy court specifically excluded the discharge of the debt to the extent the guarantees executed by the defendant existed. *See* Lockwood Decl., Exh. B.

**Undisputed Statement No. 12:**

That the Plaintiff, in applying the credit of $2,000,000.00 to the Notes, as set forth in Paragraph 7 above, impaired the collateral security on the Note which is the subject of this action to the purported guarantor's prejudice.

**Response:** Disputed. In fact, the note was not collateralized at the time the guarantee was executed, and the bankruptcy court's determination forecloses a finding of an "impairment" because a fair credit was provided against the notes. *See* Hopper Cert., Exhs. B, D.

**Undisputed Statement No. 13:**

The Defendant JOSEPH MACEDA was not given notice of the bankruptcy sale, as purported guarantor, and the sale to Plaintiff was not commercially reasonable and far below fair market value.

**Response:** Disputed. It is undisputed that Maceda was a signatory to a December 1, 2002 Asset Purchase Agreement, pursuant to which Algonquin purchased Ocean Power assets for $2 million, which was credited against obligations of Ocean Power under existing notes. *See id.*, Exh. B. Maceda knew of the Ocean Power bankruptcy proceedings as evidenced by his affidavit filed therein and his execution of other first-day motions in the bankruptcy proceedings. *See id.*, Exh. A. In fact, it is undisputed that Maceda was served with actual notice of the auction sale and sale hearing, at 520 3rd Street, Brooklyn, NY, an address Maceda has acknowledged, in these proceedings, to be correct. *See* Certification of Maceda, February 2008; *see also* Hopper Cert., Exh. E.

Dated:   New York, New York
         June 3, 2008

                                         SULLIVAN & WORCESTER LLP

                                         By: /s/ Barry S. Pollack
                                               Barry S. Pollack (BP 4039)
                                               e-mail: bpollack@sandw.com
                                               1290 Avenue of the Americas, 29th Fl.
                                               New York, New York 10104
                                               Tel: (212) 660-3000
                                               Fax: (212) 660-3001
                                               *Attorney for Plaintiff*